# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>Donald Eugene Bandy,<br><br>                           Defendant. | Case No.:  14-cr-1288-DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |

Pending before the Court is Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (2023),[1] (Motion, ECF No. 1614). The U.S. Attorney's office filed a response in opposition. (ECF No. 1621). The Court finds that Defendant does not qualify for a sentence modification under U.S.S.G. § 4A1.1 and denies his Motion.

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the

---

[1] Defendant's motion is based on U.S.S.G. § 4A1.1(d) and (e). (Motion, at 1). To the extent Defendant intended to move for a sentence reduction under U.S.S.G. § 4C1.1, he is disqualified from receiving any reduction under § 4C1.1 because he is not a zero-point offender. *See* U.S.S.G. § 4C1.1(a)(1).

Sentencing Commission.

18 U.S.C. § 3582(c)(2). "Section 3582(c)(2) allows modification of a term of imprisonment when: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam).

Under Amendment 821, U.S.S.G. § 4A1.1 reduced the additional points for defendants who were under a criminal justice sentence at the time of the offense from two points to one. *See* U.S.S.G. § 4A1.1(e). Defendant Bandy was sentenced under a total criminal history score of five and a criminal history category III. (ECF No. 1145 ¶ 69). Amendment 821 reduced Defendant's total criminal history score from five to four. (*Id.*). A criminal history score of four still places Defendant in a criminal history category of III, with the same guideline range of 360-months to life.

Importantly, the applicable policy statement, here U.S.S.G. § 1B1.10(b)(2), "prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended guidelines range," except where the defendant received a substantial assistance departure in the original sentencing. *United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014). In other words, even if the defendant can satisfy the criteria of Amendment 821, the Court may not impose a sentence below the minimum of the amended guidelines range unless the defendant received a substantial assistance departure. This Court sentenced Defendant Bandy to 240-months, well below the amended guideline range. (ECF No. 1246). Because the record also shows that Defendant did not receive a substantial assistance departure, the Court lacks discretion to reduce Defendant's sentence and **DENIES** Defendant's motion.

**IT IS SO ORDERED.**

Dated: February 19, 2025

Hon. Dana M. Sabraw
United States District Judge